Jeffrey Mentzos, Bar No. 190569
The Law Offices of Jeffrey Mentzos
216 South Citrus Street, Suite 166
West Covina, CA 91791
Telephone: (206-787-2615)

Attorney for Plaintiff, Kurt Miller

FILED
NOV 13 2014
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISRICT OF CALIFORNAI (SAN JOSE DIVISION)

| | |
|---|---|
| IN RE: GLORIA CASTANEDA | BK CASE NO. 14-53372 |
| | (Chapter 7) |
| KURT MILLER, | ADV. CASE NO. _____ |
| Plaintiff, | |
| GLORIA CASTANEDA, | COMPLAINT FOR<br>1) ORDER DENYING DISCHARGE TO DEBTOR;<br>(11 U.S.C. Sec. 727) |
| Defendant. | |
| | 2) ORDER VOIDING FRAUDULENT TRANSFER |

Plaintiff, Kurt Miller ("Miller") alleges:

### Jurisdiction

1. Jurisdiction of this matter is founded on 28 U.S.C. section 1334(a) in that this action "arises in" and is "related to" the above-entitled bankruptcy action, filed by Gloria Castaneda ("Castaneda") under Chapter 7 of the Bankruptcy Code. Specifically, this adversary proceeding seeks to determine whether CASTANEDA ought to be denied a discharge of her debt to Miller and/or any debt of the debtor.

Complaint   Page 1

## FIRST COUNT
## (Denial of Discharge Under 11 U.S.C. Section 727(a))

2. On July 24, 2013, Miller filed in the Superior Court of the State of California, County of Los Angeles a complaint under case number BC516170 alleging fraud against Gloria Cabral, aka Gloria Robles, Gloria Cabral Robles, Gloria Castaneda Cabral, Gloria Castaneda, Ana Castaneda, Blanca Castaneda and Does 1 through 10 inclusive. ("State Court") Gloria Cabral, aka Gloria Robles, Gloria Cabral Robles, Gloria Castaneda Cabral is the mother of Ana Castaneda, Blanca Castaneda and defendant herein, Gloria Castaneda.

3. Together, Gloria Cabral, aka Gloria Robles, Gloria Cabral Robles, Gloria Castaneda Cabral, Gloria Castaneda, Ana Castaneda, Blanca Castaneda used money they improperly obtained from Miller to open a jewelry store named Joyeria Internacional ("Jewelry Store"). Miller is informed and believes that the jewelry store is still in operation as of the time of filing this complaint.

4. The Judge in the State Court action originally set the trial to take place on January 23, 2014.

5. Miller is informed and believes that in order to hinder, delay and/or defraud, Miller, in the State Court action, defendant Gloria Castaneda and her sisters, Ana Castaneda and Blanca Castaneda filed frivolous Bankruptcy petitions in this court on January 22, 2014 and by doing so prevented the State Court from proceeding forward and holding the trial in the State Court action on January 23, 2014. Following are the Bankruptcy case numbers.

    A. Gloria Castaneda   14-50225

    B. Ana Castaneda      14-50226

    C. Blanca Castaneda   14-50227

All of these Bankruptcy Proceedings were filed by an attorney by the name of Edward R. Ramirez, Jr. and originally filed as Chapter 13's. All of these cases were dismissed for failure to file documents and failure to appear at the scheduled hearings. In fact, attorney, Ramirez was ordered by the court to disgorge profits. Miller is informed and believes that attorney, Ramirez is not the person who filed the bankruptcy proceedings listed above.

6. In the Bankruptcy case of 14-50225, Defendant, Gloria Castaneda, had intentionally and with full knowledge that she was doing so misrepresented under penalty of perjury in her petition the following:

   A. On her Schedule D- Creditors Holding Secured Claims she misrepresented that she owed Chase Bank $550,000.00 while in fact knowing at the time of listing this debt that she owed no money at all to Chase Bank.

   B. On her Schedule C - Property Claimed as Exempt, she misrepresented that she owned a residence with a current value of $500,000.00 while knowing all along that the property that she alleged that she owned was really owned by her mother, Gloria Cabral, and that the property was worth substantially more than that claimed on the schedule. Miller is informed and believes that Defendant, Gloria Castaneda obtained title to the property that she has listed on her schedules by forging her mother, Gloria Cabral's, name to a Grant Deed and that she is not a bona fide purchaser for value as she has paid no value for the property.

   C. On her Schedule B- Personal Property, she misrepresented that she did not own any inventory, accounts receivable or that she was not receiving any maintenance or support while knowing all along that she was an owner in a jewelry store entitled Joyeria Internacional with her mother and two sisters and that she was receiving support payments for her daughter from her previous husband.

   D. Statement of Financial Affairs, she had misrepresented by not truthfully disclosing under #1 that she was receiving payments from the jewelry store, #2 that she was receiving payments from her previous spouse and father of her child, #4 that she was currently being sued for fraud in the State Court action, #7 and 10b whether she did give any inventory or accounts receivable, #16 that she had a former spouse in a community property state (i.e. California) and #18 failing to list businesses she was involved with at the time of filing.

7. In order to hinder, delay and/or defraud, Miller, in the State Court action, defendant Gloria Castaneda, changed her bankruptcy filing from a chapter 13 to chapter 7 in order to buy more time and prevent the State Court action from holing a trial on Miller's fraud complaint.

8. After dismissal by this Court of the Bankruptcy filings by defendant, Gloria Castaneda, and her two sisters, Ana and Blanca Castaneda, the State Court set a new date for the State Court action to begin. The trial date in the State Court hearing was rescheduled to take place on August 12, 2014.

9. In order to hinder, delay and/or defraud, Miller, in the State Court action, defendant Gloria Castaneda, her mother, Gloria Cabral Robles, and her sisters, Ana Castaneda and Blanca Castaneda filed Bankruptcy petitions in this court on August 11, 2014 and by doing so prevented the State Court from proceeding forward and holding the trial in the State Court action on August 12, 2014. Following are the new and/or current Bankruptcy case numbers.

    A. Gloria Robles    14-53373

    B. Gloria Castaneda    14-53372

    B. Ana Castaneda    14-53369

    C. Blanca Castaneda    14-53370

The cases involving Ana Castaneda and Blanca Castaneda have already been dismissed for failure to file documents and also for failure to appear at the scheduled hearings. The case involving Gloria Robles is schedule to be dismissed by this court on November 20, 2014 for the same reasons of failure to file documents and failure to appear at the scheduled hearings.

10. On August 11, 2014, defendant, Gloria Castaneda commenced the bankruptcy action (the "Bankruptcy"), to which this adversary proceeding relates, under Chapter 7 of the Bankruptcy Code.

11. On August 25, 2014, defendant, Gloria Castaneda field Schedules and a Statement of Affairs (collectively, the "Schedules") in the Bankruptcy.

12. In the current Bankruptcy case of 14-53372 Schedules, Defendant, Gloria Castaneda, has intentionally and with full knowledge that she was not telling the truth on her petition has misrepresented the following:

    A. On Official Form B 3B in an attempt to be free from paying court fees the debtor, Gloria Castaneda, misrepresented that she owed a mortgage and liens of $650,000 while in fact knowing that she owed non of the money listed at a debt of $650,000.00.

    B. On her Schedule F- Creditors Holding Unsecured Nonpriorty Claims, she claims a business dispute in the amount of $150,000.00 with Miller that occurred in July of 2007. Miller is not aware of any business dispute with the debtor and denies that such a debt was incurred in July of 2007. The debtor not schedule this alleged debt in her previous bankruptcy filing of January 22, 2014 under Gloria Castaneda, case number 14-50225.

    C. On her Schedule D- Creditors Holding Secured Claims, she changed her previous petition claiming that she owed Chase Bank $550,000.00 and this time misrepresented that she

now owed Bank of America $550,000.00 while in fact knowing at the time of listing this debt that she owed no money at all to Bank of America. In fact, it is not her that owes any money listed, but is her mother, Gloria Cabral, who owes a first mortgage on the real property she fraudulently obtained title to by forging documents which is located at 3474 Gila Drive in San Jose, CA to Bank of America and a second mortgage to Miller and is the subject of the State Court action for fraud.

D. On her Schedule C - Property Claimed as Exempt, she misrepresented that she owned a residence with a current value of $500,000.00 while knowing all along that the property was worth substantially more than that claimed and that she had obtained title to the property that she has listed by forging her mother, Gloria Cabral's name to a Deed and that she is not a bona fide purchaser for value.

E. On her Schedule B- Personal Property, she misrepresented that she did not own any inventory, accounts receivable or maintenance, support while knowing all along that she was an owner in the jewelry store entitled Joyeria Internacional with her mother and two sisters and that she was receiving support payments for her daughter.

F. Statement of Financial Affairs, she has misrepresented by not truthfully disclosing under #1 that she was receiving payments from the jewelry store, #2 that she was receiving payments from her previous spouse and father of her child, #4 that she was currently being sued for fraud in the State Court action, #7 and 10b if she did give any inventory or accounts receivable, #16 that she had a former spouse in a community property state (i.e. California) and #18 failing to list businesses she was involved with at the time of filing.

13. On September 4, 2014, Defendant, Gloria Castaneda, filed a Chapter 7 Individual Debtor's Statement of Intention to reaffirm a debt with Wells Fargo Bank for property located at 3454 Tokay Way in San Jose, CA which appears to be for her sister, Blanca Castaneda. Miller is informed and believes that the Bankruptcy Petition and schedules were not actually prepared or filed by Cabral, and her daughters, Defendant Gloria, Ana and Blanca Castaneda and instead were filed by some third party in order to hinder, delay and/or defraud, Miller, in the State Court action from proceeding to trial on the fraud allegations.

14. On September 22, 2014, Trustee, Mohamed Poonja, examined defendant, Gloria Castaneda, pursuant to Rule 2004 (the "2004 Examination") of the Bankruptcy Rules of Civil Procedure.

Complaint        Page 5

15. At the time that she filed her Bankruptcy, Defendant, Gloria Castaneda had no legal and/or equitable interest in 3474 Gila or debt with Bank of America, but did have a legal and equitable interest in a jewelry store business named Joyeria Internacional and was receiving support payments from her previous husband and also her live in boyfriend.

16. However, Defendant, Gloria Castaneda, falsely stated, under penalty of perjury, to the trustee, Mohamed Poonja, at the First Meeting of Creditors; and in the 2004 Examination, that her schedules were correct and truthful and that she held an ownership interest in 3474 Gila which only had a current value of $500,000.00, owed a debt to Bank of America in the amount of $550,000, that she did not own any interest in a jewelry store business and that, at the time she commenced the Bankruptcy, she was not receiving support payments from her previous husband or live in roommate.

17. However, Miller is informed and believes that, the debt scheduled by Defendant, Gloria Castaneda to Bank of America in the amount of $550,000.00 is truly owed by Defendant's mother, Gloria Cabral, and that Defendant, Gloria Castaneda, owes nothing to Bank of America on the debt that she has scheduled. In addition, the debt to Miller that is scheduled on Defendant, Gloria Castaneda, schedules in the amount of $150,000.00 to Miller is an amount owed by Defendant, Gloria Castaneda's mother, Gloria Cabral, on a promissory note and Deed of Trust given to Miller by Castaneda's mother and nothing is owed to Miller as a business dispute by Defendant Gloria Castaneda as scheduled.

18. Miller is informed and believes that if Defendant, Gloria Castaneda, sold any or all of her interest in Joyeria Internacional, Gloria Castaneda sold the interests for a sum substantially lower than its value and is using straw persons such as her sisters to hide her assets.

19. Miller is informed and believes that Defendant, Gloria Castaneda, made other false statements, under penalty of perjury, in her Schedules, at the First Meeting of Creditors; and at the 2004 Examination. Miller will amend this Complaint to set forth those false statements when they have been ascertained.

20. Miller is informed and believes that Defendant, Gloria Castaneda, has knowingly and fraudulently withheld recorded information, including books, documents, records, and papers, relating to Castaneda's property and/or financial affairs, from the Chapter 7 trustee in Defendant, Gloria Castaneda's bankruptcy action.

21. Despite being given the opportunity to do so, Defendant, Gloria Castaneda has failed to satisfactorily explain why and how her interest in 3474 Gila Drive, San Jose, California, Joyeria Internacional were valued. There was no broker report given or any recorded documents provided to the Trustee.

22. With intent to hinder, delay, or defraud the creditors (including Miller) and the Chapter 7 trustee in her bankruptcy, Defendant, Gloria Castaneda transferred and/or concealed other property (within one year before she commenced her bankruptcy) and/or property of her Bankruptcy estate (after she commenced her bankruptcy) and/or has permitted that property and/or property of her Bankruptcy estate to be transferred and/or concealed. Miller will amend this Complaint to set forth those false statements when they have been ascertained.

23. Without justification, Defendant, Gloria Castaneda, has concealed, destroyed, mutilated, falsified, and/or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which Gloria Castaneda's financial condition or business transactions might be ascertained.

24. Gloria Castaneda knowingly and fraudulently, in or in connection with the Bankruptcy, has made false oaths and/or accounts.

## SECOND COUNT
### (Fraudulent Transfer)

25. Miller realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24 of this Complaint.

26. On or around September 1, 2007, Plaintiff, Miller, obtained a Promissory Note in the amount of $100,000.00 and Deed of Trust on property located at 3474 Gila Drive, San Jose, California which was then owned by Defendant's mother, Gloria Cabral Robles. On November 2, 2007, the Deed of Trust was recorded in the office of the County Recorder of Santa Clara County, California at document 19639344. Said Deed of Trust has an acceleration clause for sell, transfer or encumbrance.

27. By virtue of that Deed of Trust, plaintiff acquired a lien on all of the right, title, and interest which was then owned by defendant's mother, Gloria Cabral Robles, including but not limited to the real property located in Santa Clara County, California and described as follows:

Lot 37, as shown on that certain Map of Tract 4328, which Map was filed for record in the office of the Recorder of the County of Santa Clara, State of California on July 18, 1968, in Book 240 of Maps, page(s) 18 and 19.

28. Defendant's mother, Gloria Cabral Robles failed to make payments under the promissory note to Miller. Without notifying Miller of her intent to do so, Defendant's mother, Gloria Cabral Robles and Defendant fraudulently and unlawfully agreed and conspired together to conceal the true ownership of the real property with intent to defraud creditors of defendant's mother, Gloria Cabral Robles and especially plaintiff, transferring the real property located at 3474 Gila Drive, San Jose, California in order to file a petition for Bankruptcy preventing Miller from getting the money owed to him. By virtue of the conspiracy and the acts in pursuit of it, the real property as of September 21, 2009 was transferred by defendant, Gloria Castaneda, signing for Gloria Cabral Robles as her power of attorney and was recorded by in the name of defendant, Gloria Castaneda, but the property was in fact owned was not owned by her and was truthfully owned by defendant's mother, Gloria Cabral Robles. Defendant, Gloria Castaneda, paid no consideration for the real property and even if title is vested in defendant, Gloria Castaneda, as trustee for Gloria Cabral Robles, it is subject to the lien of plaintiff

WHEREFORE, Plaintiff, Kurt Miller, prays:

**ON THE FIRST CAUSE OF ACTION:**

1. That the Court enter an order declaring that debtor Gloria Castaneda is not entitled to a discharge under 11 U.S.C., Section 727;

2. That Plaintiff, Kurt Miller, be awarded his attorneys fees and costs of suit in this action; and

3. That Plaintiff, Kurt Miller, be awarded such other and further relief as the Court considers proper.

**ON THE SECOND CAUSE OF ACTION**

1. For an order from this court that the transfer from defendant's mother Gloria Cabral Robles, to defendant, Gloria Castaneda, be set aside and voided to the extent necessary to satisfy plaintiff's claim in the amount of **186,492.44** plus interest at the legal rate;

2. For an order enjoining defendant, Gloria Castaneda, from selling, encumbering, or disposing of the real property described in paragraph 7 of this complaint;

3. For costs of suit; and

4. For such further relief as the court considers proper.

Dated: November 4, 2014

                              Respectfully Submitted,

                              Jeffrey Mentzos, Esq.
                              Attorney for Plaintiff, Kurt Miller